IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. HILL,<br><br>   Plaintiff,<br><br> vs.<br><br>BEST MEDICAL INTERNATIONAL,<br>INC.,<br><br>   Defendant. | Civil Action No. 07-1709<br>(Related to CA No. 08-1404<br> and CA No. 09-1194) |
| BEST MEDICAL INTERNATIONAL,<br>INC.,<br><br>   Plaintiff,<br><br> vs.<br><br>DAVID SPELLMAN, JOHN DAVID<br>SCHERCH and MARCUS D. BITTMAN,<br><br>   Defendants. | Civil Action No. 08-1404<br>(Related to CA No. 07-1709<br> and CA No. 09-1194)<br>(All cases consolidated at<br> CA No. 07-1709) |
| BEST MEDICAL INTERNATIONAL,<br>INC.,<br><br>   Plaintiff,<br><br> vs.<br><br>ACCURAY, INC., a corporation,<br>ROBERT HILL, DAVID SPELLMAN,<br>JOHN DAVID SCHERCH, MARCUS<br>BITTMAN, JOHN DOE ONE, JOHN<br>DOE TWO, JOHN DOE THREE, JOHN<br>DOE FOUR and JOHN DOE FIVE,<br>individually,<br><br>   Defendants. | Civil Action No. 09-1194<br>(Related to CA No. 07-1709<br> and CA No. 08-1404)<br>(All cases consolidated at<br> CA No. 07-1709) |

## MEMORANDUM

I

Before the Court is the motion of David Spellman

("Spellman"), John David Scherch ("Scherch") and Marcus D.

Bittman ("Bittman") for an adjudication of civil contempt against Best Medical International, Inc. ("Best Medical"). For the reasons set forth below, the motion will be denied.

II

The background and protracted history of these consolidated cases may be summarized as follows:

Best Medical engages in the development, manufacture and sale of oncology and radiation therapy products to healthcare providers. Civil Action Nos. 07-1709, 08-1404 and 09-1194 arise out of decisions by Spellman, Scherch, Bittman and Robert W. Hill ("Hill") to leave their employment with Best Medical and accept employment with Accuray, Inc. ("Accuray"), a purported competitor of Best Medical.[1]

In Civil Action No. 07-1709, which was filed on December 14, 2007, Hill asserts a breach of contract claim against Best Medical based on its refusal to pay severance benefits to Hill upon the termination of his employment. In its answer to the complaint, Best Medical asserts counterclaims against Hill for breach of an employment agreement, breach of fiduciary duty, violation of Pennsylvania's Uniform Trade Secrets Act and conversion. The counterclaims arise out of Hill's duplication, removal and retention of confidential information and trade

---

[1] Spellman, Scherch, Bittman and Hill deny Best Medical's assertion that Accuray is a competitor. See CA No. 07-1709, Doc. 6, ¶ 75, CA No. 08-1404, Doc. 16, ¶ 79.

secrets belonging to Best Medical prior to the termination of his employment.

In connection with its counterclaims, Best Medical requested injunctive relief to preclude Hill from using or disclosing any of its confidential information and trade secrets. On March 20, 2008, Hill and Best Medical filed a Stipulated Motion for Permanent Injunction, and their proposed Stipulated Order of Court was signed and filed on March 25, 2008. In summary, the Stipulated Order of Court (1) enjoins Hill from using Best Medical's confidential information and trade secrets in any way; (2) requires Hill to provide a computer forensics examiner ("CFE") selected by Best Medical with access to any computers which Hill used, or may have used, to "access, store, retain, save, download, move, copy, send, or transmit information belonging or relating to Best Medical;" (3) requires the CFE to (i) create an exact bit-by-bit image of all the electronic media produced by Hill, (ii) conduct a search to identify documents or information belonging or relating to Best Medical, as well as correspondence between Hill and Accuray for the period July 1, 2007 to October 4, 2007, (iii) create a schedule of all documents identified during the search as belonging or relating to Best Medical for Hill's review and creation of a privilege log identifying personal, privileged and/or attorney work product material, and (iv) copy all documents on the schedule that are

3

not included in Hill's privilege log to be shared with Best Medical and its counsel and, upon the entry of a mutually agreeable confidentiality order, with Hill's counsel for "Attorney Eyes Only;" (4) requires Best Medical within a specified period of time to provide a list of the items on Hill's privilege log which it intends to contest; (5) provides for the placement of the CFE's bit-by-bit image of the electronic media produced by Hill in a locked box to be sent to, and retained by, Hill's counsel pending resolution of the litigation; (6) provides for delivery of the key to the locked box to Best Medical's counsel to be retained until resolution of the litigation; and (7) provides for the return of the locked box to the CFE upon resolution of the litigation for destruction of the bit-by-bit image of the electronic media produced by Hill. In accordance with the Stipulated Order of Court, Hill and Best Medical filed a Stipulation for Order on Confidentiality on June 18, 2008, which was signed by the Court and filed the next day.

On October 16, 2008, Best Medical filed Civil Action No. 08-1404 against Spellman, Scherch and Bittman, asserting claims for breach of confidentiality, breach of contract and violation of Pennsylvania's Uniform Trade Secrets Act. Specifically, Best Medical alleges that the employment of Spellman, Scherch and Bittman by Accuray violates their non-compete agreements with Best Medical, and that Spellman, Scherch and Bittman have used,

or will use, confidential information and trade secrets belonging to Best Medical to benefit Accuray. In addition to damages, Best Medical requested injunctive relief against Spellman, Scherch and Bittman.

On October 31, 2008, the parties to Civil Action No. 08-1404 filed a Stipulated Motion for Injunction. Four days later, the Court signed and filed the parties' proposed Stipulated Order of Court which is substantially similar to the one entered in Civil Action No. 07-1709 on March 25, 2008. Specifically, Spellman, Scherch and Bittman are enjoined from using Best Medical's confidential information and trade secrets in any way; Spellman, Scherch and Bittman are required to provide the CFE selected by Best Medical with access to any computers which they used, or may have used, to "access, store, retain, save, download, move, copy, send or transmit information belonging or relating to Best Medical;" the CFE is required to (a) create an exact bit-by-bit image of all the electronic media produced by Spellman, Scherch and Bittman,[2] (b) conduct searches to identify documents or information belonging or relating to Best Medical, as well as correspondence between Spellman, Scherch and Bittman and Accuray

---

[2]According to counsel for Spellman, Scherch and Bittman, the purpose of the bit-by-bit image was "to ensure that there would be a reference point against which the parties could, if necessary, compare what was originally produced by Movants to what was gathered and/or 'wiped-out' by the [CFE] pursuant to the November 4 Order." (CA No. 07-1709, Doc. 44, ¶ 10).

5

while they were employed by Best Medical, (c) create a schedule of all documents identified during the searches as belonging or relating to Best Medical for review and creation of privilege logs by Spellman, Scherch and Bittman identifying personal, privileged and/or attorney work product material, and (d) copy all documents belonging or relating to Best Medical that are not on the privilege logs to be shared with Best Medical and its counsel and, upon entry of a mutually agreeable confidentiality order, with counsel for Spellman, Scherch and Bittman for "Attorney Eyes Only;" Best Medical is required within a specified period of time to provide a list of the items on the privilege logs which it intends to contest; the CFE's bit-by-bit images of the electronic media produced by Spellman, Scherch and Bittman are to be placed in a locked box and sent to their counsel to be retained pending resolution of the litigation; the key to the locked box is to be delivered to Best Medical's counsel for retention until resolution of the litigation; and the locked box is to be returned to the CFE upon resolution of the litigation for destruction of the bit-by bit images of the electronic media produced by Spellman, Scherch and Bittman.

On December 3, 2008, the Court entered orders in Civil Action No. 07-1709 and Civil Action No. 08-1404, suspending the deadlines for discovery while the parties attempted to negotiate a settlement of both cases and scheduling a joint case management

conference for February 25, 2009. On the day of the conference, a motion to continue was filed in each case. In seeking a continuance, the parties indicated that a settlement was likely but more time was needed because negotiations included a non-party located in California. The motions to continue were granted; suspension of the discovery deadlines was continued; and another joint case management conference was set for April 28, 2009.

During the conference on April 28th, counsel for Best Medical and counsel for Spellman, Scherch, Bittman and Hill reported that Accuray had been involved in the parties' settlement negotiations, although it was not a party to either Civil Action No. 07-1709 or Civil Action No. 08-1404, and counsel requested an order referring the cases for further mediation in which Accuray agreed to participate.

On June 22, 2009, the mediator filed a report indicating that the cases had not been resolved, and a joint status conference was scheduled for July 14, 2009. Counsel for Best Medical moved to withdraw their appearance the day before the status conference, and the motion was granted on July 14, 2009. A joint motion to continue the status conference, which was filed by new counsel for Best Medical and counsel for Spellman, Scherch, Bittman and Hill, also was granted on July 14, 2009.

On September 2, 2009, Best Medical filed Civil Action No. 09-1194 against Accuray, Hill, Spellman, Scherch, Bittman and five John Does. The complaint asserts a claim for tortious interference with contracts against Accuray, Hill and the five John Does; a claim of conspiracy against all the named defendants; claims for violation of Pennsylvania's Uniform Trade Secrets Act, conversion and unfair competition against Accuray; and a claim for aiding and abetting breaches of fiduciary obligations against Accuray and the five John Does. On September 24, 2009, the Court granted consent motions to stay Civil Action Nos. 07-1709 and 08-1404 pending the close of the pleadings in Civil Action No. 09-1194, which had been filed by Best Medical. The consent motions to stay noted that the parties to Civil Action No. 07-1709 and Civil Action No. 08-1404 were engaging in discovery, but requested a stay pending the close of the pleadings in Civil Action No. 09-1194 so that a joint case management conference could be conducted in the three cases.

On November 9, 2009, Accuray filed an answer to Best Medical's complaint and Spellman, Scherch, Bittman and Hill filed a motion to dismiss. The motion to dismiss was denied on January 14, 2010, and Spellman, Scherch, Bittman and Hill filed an answer on February 12, 2010. Shortly thereafter, the Court lifted the stays entered in Civil Action Nos. 07-1709 and 08-1404 and a

8

joint case management conference was scheduled for March 16, 2010.

Following the March 16th conference, an order was entered consolidating Civil Action Nos. 08-1404 and 09-1194 with Civil Action No. 07-1709 for pretrial proceedings. The order also directed that all documents filed in connection with the consolidated cases be filed at Civil Action No. 07-1709 pending further order of Court. A case management order was entered on March 17, 2010 in which October 18, 2010 was set as the deadline for fact discovery and November 22, 2010 was set as the deadline for expert discovery.[3] An order referring the consolidated cases to mediation also was entered.[4] On May 4, 2010, Best Medical, Accuray, Hill, Spellman, Scherch and Bittman filed an Amended Stipulated Order on Confidentiality at Civil Action No. 07-1709, which was signed by the Court and filed the same day.

With respect to the facts giving rise to the present motion for an adjudication of civil contempt against Best Medical, on November 24, 2008, the CFE completed the searches of the computers and other electronic media produced by Spellman, Scherch and Bittman in accordance with the November 4, 2008

---

[3] The case management order also sets a post-discovery conference for December 2, 2010.

[4] The initial deadline for completion of mediation was May 30, 2010. However, two joint motions to extend the mediation deadline have been filed and granted. Currently, mediation is scheduled to be completed by August 2, 2010.

Stipulated Order of Court, and the privilege log process was completed as to Spellman, Scherch and Bittman on December 29, 2008. Despite completion of the searches and privilege log process in late 2008 and multiple requests by counsel for Spellman, Scherch and Bittman, Best Medical has failed to deliver the locked box containing the bit-by-bit images of the electronic media produced for the CFE's review or to share with their counsel the documents extracted from the electronic media by the CFE.

In their motion for an adjudication of civil contempt, Spellman, Scherch and Bittman request the following relief: (1) a finding that Best Medical is in contempt of the Stipulated Order of Court dated November 4, 2008; (2) an order directing immediate production of the bit-by-bit images and the documents extracted from their electronic media; (3) imposition of a hefty fine on Best Medical for each day the bit-by-bit images and extracted documents are not produced; (4) an order prohibiting Best Medical from relying on the extracted documents as evidence, seeking further discovery in connection with the extracted documents or inquiring into the extracted documents during depositions; (5) permission to file a motion to strike, a motion to dismiss claims in whole or in part or a motion to suppress evidence in the event Best Medical refuses or is unable to produce the bit-by-bit

images and extracted documents; and (6) an award of the attorneys' fees and costs incurred to file the present motion.

III

The purpose of civil contempt is primarily remedial and to benefit the complainant. Hicks v. Feiock, 485 U.S. 624, 631 (1988). Civil contempt sanctions are designed to compensate the injured party or to coerce a party into complying with a court order. Gregory v. Depte, 896 F.2d 31, 34 (3d Cir.1990). Three elements must be established before a party may be found in civil contempt of a court order. First, a valid court order must exist. Second, the party must have had knowledge of the court order. Third, the party must have disobeyed the court order. John T. v. The Delaware County Intermediate Unit, 318 F.3d 545, 552 (3d Cir.2003). Willfulness is not a necessary element of civil contempt, and good faith is not a defense. Harley-Davidson, Inc. v. Morris, 19 F.3d 142, 148-49 (3d Cir.1994).

IV

Turning first to the failure of Best Medical to share the documents extracted by the CFE from the electronic media belonging to Spellman, Scherch and Bittman, the Stipulated Order of Court dated November 4, 2008 did not require these documents to be shared with their counsel until a mutually agreeable confidentiality order was filed. The Amended Stipulated Order on Confidentiality to which Spellman, Scherch and Bittman are

parties was not signed and entered until May 4, 2010. Thus, the assertion of Spellman, Scherch and Bittman that Best Medical has failed to comply with its obligation under the Stipulated Order of Court dated November 4, 2008 to share the extracted documents for more than a year is simply wrong. A mere two weeks elapsed between the entry of the Amended Stipulated Order on Confidentiality and the filing of the motion for an adjudication of civil contempt against Best Medical. Under the circumstances, the motion of Spellman, Scherch and Bittman for an adjudication of civil contempt based on Best Medical's failure to share the documents extracted by the CFE with their counsel will be denied, and Best Medical will be directed to produce the extracted documents promptly.[5]

---

[5]It is clear that Best Medical is in possession of the extracted documents. As noted by Spellman, Scherch and Bittman, paragraph 47 of the complaint filed by Best Medical in Civil Action No. 09-1194 alleges:

> 47. In both cases in which claims were asserted against the Defendants Hill, Spellman, Scherch and Bittman for copying and retaining confidential information and trade secrets, the Defendants Hill, Spellman, Scherch and Bittman agreed to the entry of consent injunctions.... Under these Court Orders, the Defendants Hill, Spellman, Scherch and Bittman returned Best Medical documents and/or permitted them to be deleted from their computers and electronic media. Accordingly, each and every one of the Defendants Hill, Spellman, Scherch and Bittman were found to still have confidential, proprietary and/or trade secret information in their possession.

(Doc. 52-1, p. 3).

As to the failure of counsel to receive the locked box containing the bit-by-bit images of the electronic media produced by Spellman, Scherch and Bittman, Best Medical admits that it has not delivered the locked box. However, Best Medical asserts that its obligation to deliver the locked box to counsel was excused by (1) the orders entered in Civil Action No. 07-1709 and Civil Action No. 08-1404 on December 3, 2008 and February 25, 2009, "suspending discovery pending settlement negotiations" (Doc. 50, p. 4, ¶ 16), and (2) miscommunications with Best Medical's prior counsel and lack of knowledge regarding the failure of the locked box to be delivered to counsel for Spellman, Scherch and Bittman. After consideration, the Court finds Best Medical's excuses unavailing.

With respect to the alleged suspension of discovery, review of the orders dated December 3, 2008 and February 25, 2009 show that discovery was not suspended. Rather, the *deadline* for discovery was suspended. Significantly, as noted by Spellman, Scherch and Bittman, the assertion that discovery was suspended during settlement negotiations is belied by the fact that the privilege log process involving these defendants was completed on December 29, 2008, almost a *month* after the initial order on which Best Medical relies to excuse its failure to deliver the locked box. (Doc. No. 52-1, p. 4). The Court also notes that the consent motions to stay filed by current counsel for Best

13

Medical in Civil Action No. 07-1709 and Civil Action No. 08-1404 on September 24, 2009 specifically state that "the parties are engaging in discovery."

Regarding current counsel's claims of miscommunications with prior counsel and lack of knowledge of non-compliance with the Stipulated Order of Court dated November 4, 2008, upon the entry of their appearance for Best Medical, it was incumbent upon new counsel to familiarize themselves with all of the orders that had been entered in Civil Action No. 07-1709 and Civil Action No. 08-1404 prior to their appearance and determine whether any obligations arising out of the orders were outstanding. Rather than rely on prior counsel's representations, current counsel should have conferred with opposing counsel or sought clarification from the Court.

Despite the failure of Best Medical to deliver the locked box to counsel for Spellman, Scherch and Bittman in accordance with the Stipulated Order of Court dated November 4, 2008, the Court declines to enter an adjudication of civil contempt. According to the submissions of the parties, the initial request for the locked box was not made by Spellman, Scherch and Bittman until April 6, 2010 - more than 16 months after their privilege log process was completed. (CA No. 07-1709, Doc. 44, p. 4, ¶ 18, Doc. 50, p. 5, ¶ 17). Thus, Spellman, Scherch and Bittman

themselves have not been diligent in seeking delivery of the locked box.

                                                      /s/ William L. Standish
                                                      William L. Standish
                                                   United States District Judge

Date: 15 June 2010