IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. HILL,<br><br>    Plaintiff,<br><br>vs.<br><br>BEST MEDICAL INTERNATIONAL, INC.,<br><br>    Defendant. | Civil Action No. 07-1709<br>(Related to CA No. 08-1404<br>   and CA No. 09-1194) |
| BEST MEDICAL INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID SPELLMAN, JOHN DAVID SCHERCH and MARCUS D. BITTMAN,<br><br>    Defendants. | Civil Action No. 08-1404<br>(Related to CA No. 07-1709<br>   and CA No. 09-1194)<br>(All cases consolidated at<br>   CA No. 07-1709) |
| BEST MEDICAL INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ACCURAY, INC., a corporation, ROBERT HILL, DAVID SPELLMAN, JOHN DAVID SCHERCH, MARCUS BITTMAN, JOHN DOE ONE, JOHN DOE TWO, JOHN DOE THREE, JOHN DOE FOUR and JOHN DOE FIVE, individually,<br><br>    Defendants. | Civil Action No. 09-1194<br>(Related to CA No. 07-1709<br>   and CA No. 08-1404)<br>(All cases consolidated at<br>   CA No. 07-1709) |

<u>MEMORANDUM</u>

I

Accuray Inc. ("Accuray") has filed a motion to compel discovery and a motion for a protective order against Best

Medical International, Inc. ("Best Medical"). For the reasons set forth below, the motions will be granted.

II

The background and circumstances leading to Accuray's discovery motions may be summarized as follows:

Best Medical manufactures and sells radiotherapy and oncology products and services to healthcare providers. In Civil Action No. 09-1194, which has been consolidated with Civil Action Nos. 07-1709 and 08-1404, Best Medical asserts a claim against Accuray, an alleged competitor, for misappropriation of trade secrets under the Pennsylvania Uniform Trade Secrets Act ("PUTSA"), 12 Pa.C.S.A. §§ 5301-5308.[1] The PUTSA claim arises out of Accuray's current employment of four individuals, Robert W. Hill ("Hill"), David Spellman ("Spellman"), John David Scherch ("Scherch") and Marcus D. Bittman ("Bittman"), who worked for Best Medical prior to their employment with Accuray. Best Medical claims that Hill, Spellman, Scherch and Bittman have used

---

[1] Best Medical also asserts the following claims against Accuray in Civil Action No. 09-1194: tortious interference with contracts, conspiracy, conversion, unfair competition and aiding and abetting breaches of fiduciary obligations. To the extent these common law claims are based on the same conduct that is said to constitute a misappropriation of trade secrets, the Court notes that the claims are preempted by PUTSA. See Youtie v. Macy's Retail Holding, Inc., 653 F.Supp.2d 612, 619-20 (E.D.Pa. 2009).

2

trade secrets to which they were privy during their employment with Best Medical to benefit Accuray.[2]

On March 4, 2010, Best Medical served its First Set of Interrogatories and First Request for Production of Documents on Accuray, seeking, among other things, disclosure of trade secrets and confidential and proprietary business information.[3] Three weeks later, Accuray served its First Set of Interrogatories and First Request for Production of Documents on Best Medical. Accuray's Interrogatories included the following: "Identify with precision and specificity each and every alleged trade secret Plaintiff contends Defendant Accuray misappropriated"[4] (Interrog.

---

[2] Hill initiated the first of these three consolidated cases by filing a breach of contract claim against Best Medical arising out of its refusal to pay severance benefits to Hill upon the termination of his employment. In response, Best Medical filed counterclaims against Hill for breach of contract, breach of fiduciary duty, violation of the PUTSA and conversion. Ten months later, Best Medical filed suit against Spellman, Scherch and Bittman asserting claims for breach of confidentiality, breach of contract and violation of the PUTSA.

[3] For example, Interrogatory Nos. 14 to 17 request Accuray to "[i]dentify each Accuray product, service or project in development, and include the function and purpose of each product or service in development" that Hill, Spellman, Scherch and Bittman have worked on since their employment with Accuray (Doc. No. 41-3, pp. 15-17), and Request for Production No. 6 seeks copies "of all documents related to new innovations through clinical development and collaboration, from the period of January 1 2007 to the present date" (Doc. No. 41-4, p. 7).

[4] The request to "[i]dentify with precision and specificity each and every alleged trade secret" is defined by Accuray as meaning "to provide a specific description of each such alleged trade secret, on an individual basis for each such alleged trade secret, in such a manner that the exact identity, scope,

No. 1); "Identify with precision and specificity the confidential and proprietary business information referenced in paragraphs 53, 76, 99, and 113 [of the Complaint]"[5] (Interrog. No. 2); and "Identify with specificity and particularity each and every alleged trade secret Plaintiff contends it has in the information identified in Paragraphs 53, 76, 99, and 113 of the Complaint" (Interrog. No. 3). (Doc. No. 41-5, pp. 4-6).

Subsequently, in Civil Action No. 09-1194, Best Medical filed an initial disclosure statement pursuant to Fed.R.Civ.P. 26(a)(1)(A), which describes the trade secrets alleged to have been misappropriated in connection with Accuray's employment of Hill, Spellman, Scherch and Bittman as follows:

\* \* \*

    3.  Plaintiff Best Medical asserts that the following trade secrets are at issue in this case:

        a.  All drawings, patterns, compilations, customer lists, vendor lists, employee lists, computer program, software programs, computer languages, both developed and in development methods, techniques, or processes that be of independent

---

boundaries, constitutive elements, and content of each such alleged trade secret are fully disclosed in writing, including any asserted combination." (Doc. No. 45-1, p. 4).

[5]The request to "[i]dentify with precision and specificity the confidential and proprietary business information" is defined by Accuray as meaning "to provide a specific description of the alleged confidential or proprietary information, on an individual basis and in such a manner that the exact identity, scope, boundaries, constitutive elements, and content of the alleged confidential and proprietary business information is fully disclosed in writing." (Doc. No. 45-1, p. 5).

4

value, actual or potential, but not generally known to, and not being readily discernable by proper means, by any person who can obtain economic value from its disclosure or use.

b.  The specific trade secrets that Hill copied and retained, include without limitation, the following categories of information: (I) source code, libraries, and data files related to Best Medical products, including, without limitation, Corvus, BAT, nomosSTAT, and Peregrine; (ii) files containing Best Medical's new product development efforts, including without limitation, the development of the Integrated Treatment System, Phoenix Adaptive Therapy solutions, and Add-on Cone Beam CT systems; and (iii) files containing sales information and marketing projections for existing Best Medical products.

c.  Spellman, Scherch and Bittman retained downloaded source codes, plans, product documentation, and other files containing design documentation, invention disclosures and new product concepts.

d.  The 2007 Asset Purchase Agreement between NOMOS and Best Medical, including all exhibits attached thereto.

e.  The identities, salaries and job titles/duties of NOMOS Best Medical employees.

f.  The names and identities of Plaintiff's sales representative and brokers and their agreed compensations.

g.  The list of Plaintiff's patents and applications for patent protection for new products.

h.  All information and data from Best/Nomos computers that was downloaded by Hill, Bittman, Spellman and Scherch.

I.  All data that reflect Nomos/Best production costs, profit and/or losses relating to their products from January 1, 2007 to date.

\* \* \*

(Doc. No. 41-2, pp. 6-7).

Accuray responded to Best Medical's discovery on April 14, 2010. Among other objections, Accuray objected to the discovery seeking disclosure of its "trade secret, proprietary and/or confidential information prior to Plaintiff's identification, with specificity, of the Best Medical trade secrets and proprietary and confidential information at issue in this litigation." (Doc. No. 38-1). Based on Accuray's objections to the majority of Best Medical's document requests, including the foregoing objection, Best Medical filed a motion to compel on May 7, 2010.[6] (Doc. No. 38).

Best Medical served its responses to Accuray's discovery on May 11, 2010. With respect to Accuray's request in Interrogatory No. 1 that Best Medical identify with specificity each trade secret which was misappropriated by Accuray, Best Medical copied, verbatim, the description of misappropriated trade secrets in its initial disclosure statement and added the following:

\* \* \*

j. Hill: downloaded and/or copied tens of thousands of files containing Best Medical's confidential, proprietary business information and trade secrets

---

[6] By Order dated June 15, 2010, the motion to compel was denied pending Best Medical's (a) production of documents extracted by a computer forensics examiner from the computers and other electronic media of Spellman, Scherch and Bittman and (b) delivery of a locked box containing the bit-by-bit images of the computers and other electronic media produced by Spellman, Scherch and Bittman to their counsel. (Doc. No. 55).

6

> while still employed by NOMOS/Best Medical and retained these files after he resigned his employment with Best Medical and became employed by its competitor, Accuray.
>
> A bit by bit analysis of these files, will be provided to the Defendant Accuray. Each and every file, so downloaded was a trade secret.
>
> Discovery is not completed and Plaintiff is, at this time unable to fully answer this Interrogatory.

(Doc. No. 41-6, pp. 2-3).

In its answer to Accuray's Interrogatory No. 2, which sought specific identification of the confidential and proprietary business information referred to in four paragraphs of the Complaint filed at Civil Action No. 09-1194, Best Medical referred Accuray to its answer to Interrogatory No. 1 and added "patented IMRT technology." Finally, Best Medical answered Accuray's Interrogatory No. 3 regarding specific identification of Best Medical's trade secrets in the information referred to in the same four paragraphs of the Complaint in Civil Action No. 09-1194 by referring Accuray to its answer to Interrogatory No. 2.

Accuray filed the present discovery motions on May 13, 2010, seeking an order directing Best Medical to comply with its obligation to identify the allegedly misappropriated trade secrets and confidential information with specificity and precision, and, pending such identification, an order protecting Accuray's trade secrets and confidential information which Best Medical seeks to discover in its interrogatories and document

requests or which Best Medical may seek to discover during depositions.

III

The precise issue presented by this discovery dispute is whether Best Medical has met its burden of identifying the trade secrets allegedly misappropriated by Accuray with "reasonable particularity" in its responses to Accuray's interrogatories.[7] "Reasonable particularity" has been defined as a description of the trade secrets at issue that is sufficient to (a) put a defendant on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets. See DeRubeis v. Witten Tech., Inc., 244 F.R.D. 676 (N.D.Ga.2007).

In AutoMed Tech., Inc. v. Eller, 160 F.Supp.2d 915 (N.D.Ill. 2001), the district court addressed the identical issue presented by Accuray's discovery motions. In AutoMed, a former employer brought an action against former employees, alleging, among other things, misappropriation of trade secrets. The former employees moved for an order protecting them from responding to the employer's discovery requests which sought trade secrets and confidential information of their new employer until the former employer specifically identified the trade secrets at issue. The

---

[7]Accuray and Best Medical agree that the standard applicable to this discovery dispute is "reasonable particularity." (Doc. No. 43, p.4, Doc. No. 47, pp. 15-17).

district court granted the motion for a protective order, stating in part:

* * *

> Defendants initially moved for a protective order before Judge Shadur. He declined to rule based in part on plaintiff's representations that its amended complaint would more specifically identify the trade secrets in question. As we noted above, the amended complaint does identify Staffing Simulation software and the source code for PPS software. Although these are the only trade secrets particularized, these are obviously not the entirety of plaintiff's case. The general allegations of software, designs and research remain, as do generic references to the three research projects: Optifill, Next Generation and MegaPharmacy. As Judge Shadur and we have both indicated, these are insufficient.
>
> Determining whether a trade secret has been misappropriated usually involves examining things that the other party considers its own trade secrets. There is no privilege excepting trade secrets from discovery, but "courts must exercise discretion to avoid unnecessary disclosure of such information." Triangle Ink and Color Co. v. Sherwin-Williams Co., 61 F.R.D. 634, 636 (N.D.Ill.1974) (footnote omitted). Consequently, "plaintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets." Engelhard Corp. v. Savin Corp., 505 A.2d 30, 33 (Del.Ch. 1986). It is not enough to claim that defendants will be able to learn the details through discovery. Plaintiff must provide them now so we can evaluate the relevance of plaintiff's discovery and address any objections. See Leucadia, 755 F.Supp. at 637....
>
> AutoMed maintains that it is only seeking to discover its own confidential information, not Express Scripts' secrets. This argument is a red herring, particularly given the breadth of plaintiff's discovery requests. Express Scripts has its own trade secrets, and requests for all documents in any way related to defendants or the three projects will undoubtedly go beyond AutoMed's secrets.... Express Scripts has as much right to protect its proprietary information as does AutoMed. We will not permit plaintiff

9

to go on a fishing expedition through Express Scripts' files. Plaintiff must articulate what specific information they believe defendants misappropriated, so we can assess whether its requests are reasonably tailored to discover relevant evidence.

\* \* \*

160 F.Supp.2d at 925-26.[8]

Similarly, the Court's review of Best Medical's responses to Accuray's Interrogatory Nos. 1 to 3 reveals one trade secret identified with reasonable particularity, i.e., Intensity Modulated Radiation Therapy ("IMRT") technology,[9] but it is clear that this is not the only trade secret which Best Medical alleges was misappropriated by Accuray. General allegations of drawings, patterns, software programs, methods, techniques, processes, source code, libraries, data files and "tens of thousands of files," to name a few, remain, as well as references to the following products which Best Medical claims to own: Corvus, BAT,

---

[8]See also Dura Global Tech., Inc. v. Magna Donnelly Corp., 2007 WL 4303294 (E.D.Mich. Dec. 6, 2007)(response to interrogatory asking the plaintiff to identify with particularity its alleged misappropriated trade secrets which merely listed general categories and types of information was insufficient); Struthers Scientific and Int'l Corp. v. General Foods Corp., 51 F.R.D. 149 (D.Del.1970)(holding that if, in fact, the plaintiff was relying for its trade secret allegations on a unique combination of known components disclosed to the defendant, the plaintiff must specifically describe what particular combination of components it has in mind, how these components are combined, and how they operate in unique combination).

[9]Best Medical claims that Accuray recently announced a new product that utilizes IMRT technology which is owned by Best Medical. (Doc. No. 47, p. 11).

nomosSTAT, Peregrine, the Integrated Treatment System, Phoenix Adaptive Therapy solutions and Add-on Cone Beam CT systems. Like the district court in AutoMed, this Court concludes that these general allegations and generic references to products are insufficient to satisfy Best Medical's burden of identifying its misappropriated trade secrets with "reasonable particularity," especially in light of the extensive discovery that Best Medical has obtained in these consolidated cases.[10]

Simply put, with the exception of IMRT technology, Best Medical's answers to Accuray's Interrogatory Nos. 1 through 3 are so vague that a determination of the relevancy of the broad discovery sought by Best Medical from Accuray with respect to the PUTSA claim is impossible. Under the circumstances, Best Medical will be directed to serve supplemental responses to Accuray's

---

[10] In Civil Action Nos. 07-1709 and 08-1404, stipulated Orders were entered on March 25, 2008 and November 4, 2008, respectively. Pursuant to the stipulated Orders, Hill, Spellman, Scherch and Bittman provided a computer forensics examiner selected by Best Medical with access to any computers or other electronic media which had been used, or may have been used, to "access, store, retain, save, download, move, copy, send, or transmit information belonging or relating to Best Medical." As noted by Best Medical, between the four former employees, the computer forensics examiner's search included "15 hard drives, 3 thumb drives and 3 CDs" and revealed "tens of thousands of files of Best Medical information still in their possession." (Doc. No. 47, p. 10). It is undisputed that the searches conducted by the computer forensics examiner were completed in late 2008 and the extracted documents and information belonging and relating to Best Medical were in Best Medical's possession before the suit against Accuray was filed. (CA No. 09-1194, Complaint, ¶¶ 47-48).

Interrogatory Nos. 1 through 3, and, pending the supplemental responses, Accuray will not be compelled to reveal any of its own trade secrets or confidential information in response to the very broad discovery sought by Best Medical.

William L. Standish
United States District Judge

Date: 24 June 2010